**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| SHAWN F. FARLEY, | : | |
| Plaintiff | : | |
| vs. | : | |
| Deputy Sheriff DAVID GILES, | : | NO. 5:09-CV-76 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **SHAWN F. FARLEY** has submitted a handwritten "complaint" to this Court. Although not on this Court's pre-printed 42 U.S.C. § 1983 form, the Clerk's Office has docketed plaintiff's filing as such. Solely for purposes of this Court's dismissing plaintiff's complaint, leave to proceed *in forma pauperis* is hereby granted.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Because the Court has permitted plaintiff to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or employees of a governmental entity and dismiss any portion of the complaint it finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II. BACKGROUND

Plaintiff was arrested on July 27, 2008, and was charged with aggravated assault after biting the defendant, Deputy Giles, on his left hand.  According to plaintiff, his arrest warrant is insufficient under O.C.G.A. § 17-4-41(a) because the act of biting does not constitute an aggravated assault as defined by O.C.G.A. § 16-5-21.  Plaintiff seeks $300,000 in damages.

## III. DISCUSSION

It is unclear whether plaintiff has been convicted in his state court criminal case.  To the extent that he has been convicted, *Heck v. Humphrey*, 114 S. Ct. 2364 (1994), bars plaintiff's claim. Because plaintiff has not alleged facts supporting a finding that any court has called into question plaintiff's conviction or sentence, *e.g.*, by ruling that plaintiff has been confined illegally as a result of an insufficient warrant, *Heck* bars all of plaintiff's claims for damages that would necessarily call into question his conviction or sentence.

Even if plaintiff has not yet been convicted, his action is subject to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  In *Younger*, the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances."  *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3)

the state proceeding affords an adequate opportunity to raise constitutional issues. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982). Each of the requirements of *Younger* is satisfied in this case and this Court must abstain from interfering in plaintiff's ongoing criminal prosecution in Georgia.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 25th day of February, 2009.

> *s/ Hugh Lawson*
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

cr

3